IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| VERNIECE BRYANT | § | |
| v. | § | CIVIL ACTION NO. 9:10cv157 |
| LUFKIN INDEPENDENT SCHOOL DISTRICT | § | |

MEMORANDUM OPINION AND ORDER
ON DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT

Plaintiff filed the above-styled lawsuit on October 25, 2010 seeking relief pursuant to Title

VII of the Civil Rights Act of 1964. On April 5, 2011, the case was transferred to the undersigned

with the consent of the parties in accordance with 28 U.S.C. § 636. Defendant filed a Motion for

Summary Judgment (document #32) on August 15, 2011. For the reasons assigned below, the

undersigned finds that Defendants' Motion for Summary Judgment should be granted.

***Procedural Background***

In her complaint, Plaintiff states that her employment with the Lufkin Independent School

District ("LISD") was terminated because of her race and disabilities. Plaintiff filed a Charge of

Discrimination with the EEOC and a copy is attached to her complaint. In her Charge of

Discrimination, Plaintiff asserts that she was hired on August 18, 1997 as a Paraprofessional in a

Special Education class. She submits that she began requesting to be transferred out of the Special

Education Department on April 23, 2004, apparently without success. On May 8, 2009, Plaintiff

states that she declined to attend a meeting with the school principal to discuss a reduction in pay and transfer to a different school. Plaintiff asserts that this was LISD's attempt to transfer her out of the Special Education Department. Plaintiff explains that she did not want to attend the meeting without a voice recorder. When Plaintiff informed the principal that she did not want to meet with her without her recording device, the Assistant Superintendent allegedly ordered Plaintiff to meet with him immediately in his office. Plaintiff requested that the meeting be postponed until she had a recording device. Assistant Superintendent Giles then allegedly ordered Plaintiff to either attend the meeting or leave the campus. Plaintiff states that she left the campus and her employment was terminated for insubordination. Plaintiff asserts that she was discriminated against "in retaliation" and because of her race, black, and an unspecified disability. A Dismissal and Notice of Rights was mailed to Plaintiff on July 23, 2010. This lawsuit followed on October 25, 2010.

LISD filed a Motion for Summary Judgment (document #32) on August 15, 2011. LISD asserts that the applicable statute of limitations bars Plaintiff's claims for any alleged discrimination that occurred prior to February 2009. Further, LISD argues that Plaintiff cannot establish a *prima facie* case of race discrimination, disability discrimination or retaliation. Moreover, LISD submits that it has articulated legitimate, non-discriminatory reasons for terminating Plaintiff's employment and Plaintiff cannot show that these reasons are merely a pretext for discrimination.

On August 19, 2011, Plaintiff submitted a letter asking the Court to dismiss the motion for summary judgment. The letter is construed as Plaintiff's response to the motion for summary judgment. Plaintiff asserts that she made changes to her deposition testimony after the deposition and she attached the page of changes that were submitted to the court reporter. Plaintiff contends that her deposition was a form of interrogation by LISD and was LISD's attempt to coerce her to say

things that would support their defense. Plaintiff does not respond to LISD's assertions concerning time-barred claims or address whether a *prima facie* case of discrimination or retaliation has been established.

LISD submitted a reply brief on August 25, 2011. LISD contends that despite Plaintiff's assertion that she was confused during her deposition, Plaintiff has not shown a disputed issue of material fact in this case. LISD re-asserts that Plaintiff has not established a *prima facie* case of discrimination or retaliation, that legitimate, non-discriminatory reasons have been articulated for Plaintiff's termination and that Plaintiff has not shown pretext.

### Summary Judgment Standard

Rule 56(a) of the FED. R. CIV. P. provides that the Court may only grant a motion for summary judgment when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). Once, the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing

that there is a genuine issue for trial. *Id.* Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Id.*

Summary judgment is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565 (5th Cir. 1987). The district court must look to the full record, including the pleadings, affidavits, and depositions. *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). Under this standard, fact questions are considered with deference to the nonmovant. *Reid v. State Farm Mutual Automobile Insurance Co.*, 784 F.2d 577, 578 (5th Cir.1986). The evidence of the nonmovant is to be believed and all inferences are to be drawn in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986). The Court resolves factual controversies for purposes of summary judgment in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d at 1075. The Court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1048 (5th Cir. 1996) (citing *Little v. Liquid Air Corp*, 37 F.3d at 1075).

An issue is "genuine" if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inference in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of the party. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A "material fact" is one that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510.

***Discussion and Analysis***

<u>Timeliness</u>

The first issue to be considered in this matter is the timeliness of Plaintiff's charge of discrimination. Plaintiff filed the above-styled employment discrimination lawsuit pursuant to Title VII. As a prerequisite to filing a lawsuit pursuant to Title VII, a plaintiff must first file a charge of discrimination with the EEOC within the time limits prescribed by <u>42 U.S.C. § 2000e-5(e)</u>. *<u>Alexander v. Gardner-Denver Co.</u>*<u>, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019 (1974)</u>; *<u>United Air Lines, Inc. v. Evans</u>*<u>, 431 U.S. 553, 97 S.Ct. 1885, 1886 (1977)</u>; *<u>Gonzalez v. Firestone Tire & Rubber Co.</u>*<u>, 610 F.2d 241, 248 (5ᵗʰ Cir.1980)</u>. Pursuant to <u>42 U.S.C. § 2000e-5(e)</u>, in a state where the EEOC routinely transmits complaints to a state referral agency, such as the Texas Commission on Human Rights, a limitations period of 300 days is applicable.[1] In other words, a Title VII plaintiff must file a charge of discrimination with the EEOC no more than 300 days after learning of an adverse employment decision in a referral state. *<u>Messer v. Meno</u>*<u>, 130 F.3d 130, 134 (5ᵗʰ Cir.1997)</u>.

In this case, Plaintiff alleges discrimination beginning on April 23, 2004. Her charge of discrimination was filed August 19, 2009. As a result, any claims concerning adverse employment decisions prior to October 22, 2008, were not timely submitted to the EEOC and do not meet the prerequisite for pursuing a Title VII lawsuit requiring a timely charge of discrimination. Plaintiff has not shown a genuine issue of material fact on this issue and LISD is entitled to judgment as a matter of law as to any claims for adverse employment decisions occurring prior to October 22, 2008.

---

[1]In non-referral states, the time limit is 180 days.

Title VII

Plaintiff alleges discrimination based upon her race. Title VII makes it an unlawful employment practice "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. S 2000e-2(a)(1). There are essentially two theories of liability for discrimination under Title VII: disparate impact and disparate treatment. In the present case, Plaintiff alleges disparate treatment. Under the disparate treatment theory, Title VII is violated if the employee can show that the employer intentionally treated the employee unfairly because of race, color, religion, sex, or national origin. *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1523 (5th Cir.1993).

The so-called McDonnell-Douglas framework, espoused in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817 (1973), is used when evaluating Title VII discrimination cases that are based on circumstantial evidence. Accordingly, the initial burden is on the plaintiff to show facts sufficient to warrant recovery. *Armstrong v. City of Dallas*, 997 F.2d 62, 65 (5th Cir.1993). To succeed, a plaintiff proceeding on a disparate treatment theory of employment discrimination must show both disparate treatment and discriminatory motive. *Johnson v. Chapel Hill Indep. Sch. Dist.*, 853 F.2d 375, 381 (5th Cir.1988); *Lee v. Conecuh County Board of Education*, 634 F.2d 959, 962 (5th Cir.1981). Discriminatory motive or intent may be shown by direct or circumstantial evidence. *Wheeler v. City of Columbus, Miss.*, 686 F.2d 1144, 1150 (5th Cir.1982). A plaintiff must show that the protected trait – in this case, Plaintiff's race – actually motivated the employer's decision. The protected trait must have actually played a role in the decision-making

process and must have had a determinative influence on the outcome. *Hazen Paper Co. v. Biggins, 507 U.S. 604, 610, 113 S.Ct. 1701 (1993)*.

To defeat a motion for summary judgment, a Title VII plaintiff has the burden of making a *prima facie* showing that:

1.    she belongs to a protected class;

2.    she was qualified for the position;

3.    despite her qualifications, her employment was terminated; and

4.    the position was filled by someone outside that protected class.

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 1824 (1973); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089 (1981); *Pratt v. City of Houston, Texas*, 247 F.3d 601, 606 (5th Cir.2001), *cert. denied*, 540 U.S. 1005, 124 S.Ct. 543 (2003).

If a plaintiff succeeds in showing facts sufficient to warrant recovery, a rebuttable presumption, or inference, arises. *Armstrong*, 997 F.2d at 65. The burden is then on the employer to come forward and show legitimate, nondiscriminatory reasons for the challenged acts. *Id.* At this step, the employer must produce evidence that, "*taken as true*, would *permit* the conclusion that there was a nondiscriminatory reason for the adverse action." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509, 113 S.Ct. 2742 (1993) (emphasis in original). If the employer articulates a legitimate, nondiscriminatory reason for the adverse employment action, the burden then shifts back to the plaintiff to prove that the reasons put forth by the employer are a mere pretext – or phony reason – for accomplishing the discriminatory act. *Id. at 507-508*; *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093 (1981). The ultimate burden of persuading the court that he was a victim of intentional discrimination, however, always remains on the plaintiff.

*Armstrong,* 997 F.2d at 65.  "On summary judgment, in this third step, the plaintiff must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision."  *Price v. Federal Express Corp.*, 283 F.3d 715, 720 (5th Cir.2002).

In the motion for summary judgment, LISD asserts that Plaintiff has not alleged or shown that her position was filled by someone outside of the protected class.  Plaintiff does not allege in her complaint or charge of discrimination that she was replaced by someone outside of the protected class.  Further, she does not address the issue in her response to the motion for summary judgment.  Plaintiff has not met her burden of establishing a *prima facie* showing of race discrimination.  Plaintiff has not shown a genuine issue of material fact to defeat summary judgment and LISD is entitled to judgment as a matter of law on this claim.

Even if the Court were to assume, *arguendo,* that Plaintiff met the minimal showing required to establish a *prima facie* case of discrimination, Plaintiff's race discrimination claim would still fail.  Once a *prima facie* case is shown, the defendant must come forward with a legitimate, non-discriminatory reason for the adverse employment action.   Through the production of admissible evidence, Defendant must set forth reasons which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the termination of Plaintiff's employment.  *Burdine*, 450 U.S. at 254-55.  At this point in the analysis, the question is simply whether a defendant has produced such evidence – not whether that evidence is persuasive or credible.  *Hicks*, 509 U.S. 502 at 510-11, 113 S.Ct. at 2749.

In this case, LISD produced competent summary judgment evidence showing that Plaintiff's employment was terminated as a result of insubordination.  Despite Plaintiff's assertions concerning the changes to her own deposition testimony, LISD's uncontroverted evidence shows that Plaintiff

was instructed by a supervisor in April 2009 to refrain from engaging in verbal altercations with other staff members in the presence of students, but Plaintiff stated that she would not comply with that directive. Plaintiff met with her supervisors that same month to discuss changes that were being made to job descriptions within the special education department. Plaintiff informed her supervisors that she would not agree to the changes. As a result, Plaintiff was directed to meet with the school principal on May 8, 2009. Plaintiff twice refused to meet with the principal that day on the basis that she did not have her personal tape recorder with her. The principal then contacted the Assistant Superintendent , Johnny Giles, who contacted Plaintiff in her classroom and instructed her to meet with him at the school. Plaintiff refused to meet with him because she did not have a personal tape recorder with her. After returning to his LISD office, Giles again contacted Plaintiff and directed her to meet with him that afternoon at his office. Plaintiff again refused. Plaintiff does not dispute refusing to meet with the school principal or Giles on that day.

Having articulated and produced evidence of legitimate, nondiscriminatory reasons for terminating Plaintiff's employment, the burden now shifts back to Plaintiff to show that the stated reasons are merely pretext. Plaintiff, who at all times bears the ultimate burden of persuasion, must prove that she was intentionally discriminated against because of her race. *Postal Service Bd. of Governors v. Aikens,* 460 U.S. 711, 716, 103 S.Ct. 1478 (1983); *Burdine,* 450 U.S. at 256. For summary judgment purposes, the issue is whether a genuine issue of material fact exists as to whether the Defendant intentionally discriminated against Plaintiff. *LaPierre v. Benson Nissan, Inc.,* 86 F.3d 444 (5th Cir.1996); *Armstrong v. City of Dallas,* 997 F.2d 62, 65 (5th Cir.1993). A plaintiff must present evidence that will permit a rational fact finder to infer intentional discrimination. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 120 S.Ct. 2097 (2000).

Plaintiff has not come forward with any evidence showing racial animus in the decision to terminate her employment. Plaintiff has not alleged or proven any facts that would indicate that her race had any relation, whatsoever, to the termination of her employment. Plaintiff has not presented evidence from which a rational fact finder could infer intentional discrimination. *Reeves*, 530 U.S. at 120. Plaintiff has not shown a genuine issue of material fact as to whether the stated reason – insubordination – was pretextual.

Construing Plaintiff's *pro se* complaint liberally, she also appears to complain that her requests to be transferred out of special education were not resolved to her satisfaction. Presumably, Plaintiff infers that this occurred because of her race. As stated above, these claims are limited to events occurring after October 22, 2008, as a result of the date that Plaintiff filed her charge of discrimination.

To prove discrimination, a plaintiff may use circumstantial evidence that she has been treated differently than similarly situated employees outside of the protected class. See *Polano v. City of Austin, Texas*, 78 F.3d 968, 977 (5th Cir.1996). A plaintiff must show that she was treated differently under circumstances that were "nearly identical" to hers. See *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir.1995). Plaintiff has not alleged or come forward with any evidence that she was treated differently than any white employees under "nearly identical" circumstances. Plaintiff has not shown that she was treated differently than similarly situated employees outside of her protected class. Accordingly, Plaintiff has not shown that there is a genuine issue of material fact and LISD is entitled to judgment as a matter of law on Plaintiff's Title VII claim.

ADA

The ADA is a federal anti-discrimination statute intended to eliminate discrimination against individuals with disabilities and the recovery of compensatory damages requires a showing of intentional discrimination. *Delano-Pyle v. Victoria County, Texas*, 302 F.3d 567, 574 (5th Cir.2002). It is designed to remove barriers which prevent qualified individuals with disabilities from enjoying the same employment opportunities that are available to persons without disabilities. 29 C.F.R. § 1630, App. Similar to a Title VII claim, a plaintiff may establish a claim of disability discrimination by presenting direct evidence of discrimination or indirect proof. Under the *McDonnell Douglas* analysis, a plaintiff must first make out a *prima facie* case of discrimination by proving, by a preponderance of the evidence, that:

> (1) she suffers from a disability;
>
> (2) she was qualified for the job;
>
> (3) she was subject to an adverse employment action; and
>
> (4) she was replaced by a non-disabled person or was treated less favorably than non-disabled employees.

*Daigle v. Liberty Life Insurance Co.,* 70 F.3d 394, 396 (5th Cir.1995) (internal citations omitted); *see Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994). A "disability" includes, in relevant part, a physical or mental impairment that substantially limits one or more of the major life activities of such individual. 42 U.S.C. § 12102(2). "Substantially limits" generally means (1) unable to perform a major life activity that the average person in the general population can perform; or (2) significantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under

which the average persons in the general population can perform the same major life activity. [29 C.F.R. § 1630.2(j)(1)](29 C.F.R. § 1630.2(j)(1)).

If a plaintiff is successful in making a *prima facie* case, the burden shifts to the defendant to proffer a legitimate, nondiscriminatory reason for its decision. If that is done, the plaintiff may attempt to demonstrate that the defendant's proffered explanation is pretextual. *Davis v. Chevron, 14 F.3d at 1085*. "At the end of the day, however, the plaintiff has the burden of proving that a violation of [the ADA] occurred." *Id.*

In this case, there is no evidence showing that Plaintiff suffers from a disability as defined in the ADA or that she was replaced by a non-disabled person. Indeed, Plaintiff does not even identify the alleged disability in her pleadings, including her response to the motion for summary judgment. She asserts that she was discriminated against because of "disabilities," but fails to explain what disabilities afflict her or how LISD discriminated against her because of them. Plaintiff has not come forward with evidence showing that she suffers from a physical impairment that substantially limits one or more major life activities. Plaintiff has not established a *prima facie* case of disability discrimination and LISD is entitled to summary judgment on Plaintiff's ADA claim.

Retaliation

Finally, LISD seeks summary judgment on Plaintiff's retaliation claim. Plaintiff does not explain her retaliation claim in her pleadings. She states a conclusory allegation that she was "discriminated against in retaliation." Construing the *pro se* complaint liberally, it appears that Plaintiff is alleging that she was retaliated against, in the form of the termination of her employment, for refusing to meet with the school principal and the Assistant Superintendent without a recording device.

To establish a *prima facie* case of retaliation, Plaintiff must show: (1) she participated in a Title VII protected activity, (2) she suffered an adverse employment action by her employer, and (3) there is a causal connection between the protected activity and the adverse action. *Stewart v. Mississippi Transportation Commission*, 586 F.3d 321, 331 (5th Cir.2009). While not limited to ultimate employment decisions, "[t]he antiretaliation provisions protect an individual not from all retaliation, but from retaliation that produces an injury or harm." *Burlington Northern & Santa Fe Railway Co.*, 548 U.S. 53, 67, 126 S.Ct. 2405, 2414 (2006). To be an adverse employment action for purposes of establishing retaliation, the action must be "materially adverse." *Id.* at 68, 126 S.Ct. at 2415. A plaintiff must show "that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* "[P]etty slights or minor annoyances that often take place at work and that all employees experience," which may include personality conflicts and "snubbing," are not actionable. *Id.*

Plaintiff does not allege that she suffered an adverse employment action following participation in a protected activity. The only protected activity alleged in this case – the filing of Plaintiff's charge of discrimination – occurred after Plaintiff's employment was terminated. Plaintiff has not shown a genuine issue of material fact concerning her retaliation claim and LISD is entitled to judgment as a matter of law.

Having carefully considered the evidence, the Court finds that there is no genuine issue of material fact and that LISD is entitled to judgment as a matter of law. It is accordingly

**ORDERED** that the Motion for Summary Judgment (document #32) is **GRANTED**. The complaint is **DISMISSED** with prejudice. It is further

**ORDERED** that LISD's Motion for a Hearing (document #38) is **DENIED** as moot.  It is further

**ORDERED** that all motions not previously ruled on are **DENIED**.  It is finally

**ORDERED** that the Bench Trial scheduled for October 18, 2011 is **CANCELED**.

So **ORDERED** and **SIGNED** this **23** day of **September, 2011.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE